IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELVIA DE LA ROSA, Individually and as Representative of the Estate of JOSE DE LA ROSA, Deceased, SERGIO DE LA ROSA, KENIA DE LA ROSA, ARMANDO DE LA ROSA, and CRUZ DE LA ROSA, <br><br> Plaintiffs, <br><br> v. <br><br> GARDNER GLOBAL LOGISTICS, INC. and GARDNER TRUCKING, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 3:21-CV-341-K |

## MEMORANDUM OPINION AND ORDER

On April 15, 2021, the Court issued an order indicating it would evaluate *sua sponte* whether a transfer to the District of Arizona or the Northern District of Iowa was warranted under 28 U.S.C. § 1404(a). *See* Or. (Doc. No. 6). The Court invited the parties to brief whether this case is appropriate for transfer under § 1404(a) and, if so, to which district or division where it might have been brought. *Id.* Plaintiffs and Defendants filed their respective briefs with the Court. Doc. Nos. 7 & 8. The Court has considered the parties' briefing and the applicable law. For the convenience of the

ORDER – PAGE 1

Case 1:21-cv-00076-CJW-KEM Document 17 Filed 09/01/21 Page 1 of 13

parties and witnesses, in the interest of justice the Court **transfers** this case to the Northern District of Iowa.

I.     Background

As the surviving relatives, Plaintiffs Elvia De La Rosa (wife), Sergio De La Rosa (son), Kenia De La Rosa (daughter), Armando De La Rosa (father), and Cruz De La Rosa (mother) (collectively, "Plaintiffs") filed suit against Defendants Gardner Global Logistics, Inc. and Gardner Trucking, Inc. (collectively "Defendants") asserting various claims for negligence and vicarious liability, under the theory of respondeat superior and the law of agency, related to the death of Jose De La Rosa ("Mr. De La Rosa"). *See* Pls. Pet. (Doc. No. 1-6) at 5-11. Plaintiffs' claims arise out of a motor vehicle accident between a tractor-trailer driven by Mr. De La Rosa and a tractor-trailer driven by non-party Mr. Biniam Gebremeskel which occurred in Cochise County, Arizona on January 8, 2019. *Id.* at 3; *see* Notice of Removal (Doc. No. 1) at 1. In their state court petition ("Petition"), Plaintiffs allege that Defendant Gardner Global Logistics, Inc., a freight broker, hired non-party Gelila Transportation, LLC ("Gelila") to transport freight from Coppell, Texas to various locations in other states. Pls. Pet. at 3, ¶¶14-15. Gelila then assigned its driver Mr. Gebremeskel to make the pickup and the deliveries with Gelila's commercial vehicle. *Id.* at ¶16. Plaintiffs alleges that, during the course of that assignment from Gelila, Mr. Gebremeskel allegedly caused the motor vehicle accident

which resulted in Mr. De La Rosa's death.  *Id.* at 3-4, ¶¶17-26.  Plaintiffs seek damages for their injuries which includes pecuniary loss, loss of companionship and society, mental anguish, loss of inheritance, and survival damages.  *Id.* at 11-12, ¶68.

Plaintiffs originally filed this action against Defendants in the 44th Judicial District Court of Dallas County, Texas on January 8, 2021.  *See* Notice of Removal at 1; Doc. No. 1-5 at 1.  On February 18, 2021, Defendants removed the case to this Court on the basis of diversity jurisdiction.  Plaintiffs' state court Petition remains the live pleading.

## II. Applicable Law

A case filed in state court may be removed by defendant to the federal district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F.Supp. 503, 504 (N.D. Tex. 1998)(McBryde, J.).  While venue is procedurally proper based on § 1441(a), transfer under § 1404(a) may still apply to cases removed from state court.  *See* § 1390(c); *see also Henry v. Hallahan*, Civ. Action No. 4:13-CV-605, 2015 WL 1467103, at *2 (E.D. Tex. March 30, 2015) (removal of case to the district court was "technically proper" because statute required removal to this district court but "venue is not necessarily frozen here and a 1404(a) analysis is still available" and the court is free to "evaluate whether a transfer is warranted.").

ORDER – PAGE 3

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court may transfer a case under Section 1404(a) *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). "Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge." *Id.* (internal quotations omitted). The initial question in applying the provisions of section 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the potential transferee district is a proper venue, the court considers several private- and public-interest factors, none of which are given dispositive weight. *Id.* Although the letter of section 1404(a) might suggest otherwise, it is well established that "the interest of justice" is an important factor in the transfer analysis. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593–94 (N.D. Tex. 2003) (Kaplan, M.J.) (internal citation omitted).

### III. Analysis

Defendants' removal of the case to the United States District Court for the Northern District of Texas, Dallas Division was proper as this case was pending in state court in Dallas County. *See* 28 U.S.C. § 1441(a). The Court nevertheless determined from the record before it that transfer of this case may be warranted under § 1404(a).

ORDER – PAGE 4

Case 1:21-cv-00076-CJW-KEM   Document 17   Filed 09/01/21   Page 4 of 13

In their Petition, Plaintiffs allege that venue is proper in Dallas County, under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as "the county in which all or a substantial party of the events or omissions giving rise to the claim occurred." Pls. Pet. at 3, ¶11. Plaintiffs allege that the contract between Defendant Gardner Global Logistics, Inc. and Gelila was entered into in Dallas County, Texas, which is also the location of Gelila's headquarters and principal place of business. *Id.* at ¶15. Plaintiffs did not, however, name Gelila or its driver Mr. Gebremeskel as defendants in this suit. Plaintiffs, who are citizens of Texas, all reside in El Paso County, Texas, and Defendants, by virtue of corporate mergers effected prior to the filing of this lawsuit, are citizens of the state of Iowa as an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Notice of Removal at 2-3, ¶¶6-10. Additionally, the motor vehicle accident occurred in Cochise County, Arizona. *Id.* at 1, ¶2; *see also* Pls. Pet. at 3-4, ¶17.

The Court notified the parties of the undersigned's intention to evaluate whether a transfer of this case to either the District of Arizona or the Northern District of Iowa is warranted. *See* Ct. Or. (Doc. No. 6). Before ordering the case transferred, the Court gave the parties an opportunity to be heard on this matter by filing a written brief with the Court. *Id.* Each party timely filed their respective briefs. *See* Doc. Nos. 7 & 8. Plaintiffs argue that the case should be transferred to the Western District of

Texas then ask, in the alternative, for this Court to retain jurisdiction. Defendants contend that the case should be transferred to the Northern District of Iowa or, alternatively, to the District of Arizona.

### A. District Where Suit Could Have Been Brought

In its § 1404(a) analysis, the threshold question for the Court is whether the suit could have been brought in the proposed transferee district. *Volkswagen I*, 371 F.3d at 203. "Thus, transfer under section 1404(a) may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all of the defendants if it had been the *original* forum." *Frazier v. Com. Credit Equip. Corp.*, 755 F.Supp. 163, 165 (S.D. Miss. 1991) (emphasis added). There is no doubt that the Northern District of Iowa would be a district in which this action could have been brought as Defendants have their principal place of business in Cedar Rapids, Iowa, and would be subject to personal jurisdiction there. 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located); § 1391(c)(2) ("For venue purposes . . . an entity . . ., whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction".); *see* Notice of Removal at 3, ¶¶8-10. The District of Arizona is also a district in which this action could have

ORDER – PAGE 6

been brought as the motor vehicle accident giving rise to Plaintiffs' claims occurred in Cochise County, Arizona. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

In their Brief to the Court, Plaintiffs do not address whether the District of Arizona or the Northern District of Iowa is a district in which this case could have been brought. For this threshold question, Plaintiffs focus their argument on the Western District of Texas. Plaintiffs contend that, as residents of El Paso, Texas at the time of the accident, they could have filed their lawsuit in *state* court in El Paso, Texas pursuant to the Texas general venue statute. Pls. Br. (Doc. No. 7) at 3. Because removal must be to the federal court "for the district and division embracing the place where such action is pending", Plaintiffs go on to reason that if they had filed the case in state court in El Paso, Texas, and Defendants had removed it to federal court, venue would have been proper in the Western District of Texas, El Paso Division; "[t]hus, the Western District of Texas is a district in which Plaintiffs' claims could have been filed." *Id.* at 3-4.

In making its determination, the Court looks to whether the transferee district is one that could have been "the *original* forum." *Frazier*, 755 F.Supp. at 165; *see Volkswagen I*, 371 F.3d at 203 ("[T]he first determination to be made is whether the

ORDER – PAGE 7

judicial district to which transfer is sought would have been a district in which the claim could have been filed."). Plaintiffs' reasoning is not supported by the clear language of the statute or the case law. The Court is concerned only with districts or divisions in which the case could have been brought originally in federal court; not districts or divisions to which cases might have been removed after having originally been filed in state court pursuant to state venue statutes. *See also Van Dusen v. Barrack*, 376 U.S. 612, 621-24 (1964) (holding that § 1404(a) language "'where it might have been brought' must be construed with reference to the federal laws delimiting the districts in which such an action 'may be brought'" and not to laws or rules of transferee state). The Court finds that the Western District of Texas, El Paso Division is not a federal district or division where this case might have been brought. *See* § 1391(b). As a threshold matter, the Court concludes this case could have been brought in the District of Arizona or the Northern District of Iowa.

### B. Private and Public Factors

The Court now turns to the private and public factors in deciding the issue of "the convenience of the parties and witnesses" and "in the interest of justice." The private-interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make

trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009) (quoting *Volkswagen I*, 371 F.3d at 203). The public-interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of the foreign law." *Id.* The Court finds the balance of the factors weighs in favor of transfer to the Northern District of Iowa.

Plaintiffs' claims for negligence and vicarious liability under agency law and the theory of respondeat superior relate, generally, to Defendants' hiring, use, and control of Gelila and Mr. Gebremeskel who was allegedly driving in a negligent manner. While some documentation may come from Gelila, which is located in Dallas, the Court does not expect that to be the bulk of the documentation, or even witnesses, in this case. Rather, the Court anticipates the witnesses and documentation, including the contract, related to Defendants' hiring, use, and control of Gelila and Mr. Gebremeskel will come from Defendants, an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, which is in the Northern District of Iowa. The Court also expects that there may be some documentation related to the accident in or near Cochise County, Arizona in the District of Arizona. The access to proof weighs in favor of transfer and

slightly more in favor of the Northern District of Iowa. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F.Supp.2d 859, 869 (E.D. Tex. 2012) ("This factor almost invariably turns on which party will most likely have the greater volume of relevant documents and their presumed physical location in relation to the venues in consideration.").

Looking to the remaining private interest factors, the Court finds they weigh in favor of transfer and slightly in favor of the Northern District of Iowa. Any non-party witnesses will likely be those located in and around Cochise County, Arizona, the location of the accident, which is located approximately 84 miles from Tucson, Arizona (location of courthouse for the District of Arizona). Those witnesses will be outside of either this Court's or the Northern District of Iowa's subpoena power for deposition or trial. *See Volkswagen II*, 545 F.3d at 316 (quoting *Volkswagen I*, 371 F.3d at 205 n.4); *see also Remmers v. U.S.*, Civ. Action No. 1:09-CV-345, 2009 WL 3617597, at*4 (E.D. Tex. Oct. 28, 2009) (the court considers "the availability of compulsory process to secure the attendance at trial of unwilling or hostile witnesses."). As for convenience and cost of attendance of willing witnesses, as Plaintiffs state, the willing witnesses are likely to be the parties to this case. Pls. Br. at 5. "Section 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645-46. Plaintiffs, who all reside in El Paso,

Texas, will have to travel and incur costs no matter if the case remains in the Northern District of Texas, a district to which Plaintiffs have no connection, or is transferred to the Northern District of Iowa or the District of Arizona. The Northern District of Iowa, however, is clearly a more convenient forum for Defendants' employees, who are likely witnesses. *Volkswagen II*, 545 F.3d at 317 ("[I]t is an obvious conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."). Transferring to the District of Arizona would simply "swap" the inconveniences to both parties that currently exist in the Northern District of Texas, as all party witnesses would have to incur costs in either district. Finally, as other practical considerations, this case is at the beginning stages of litigation with no scheduling order yet in place.

The public factors weigh slightly in favor of the Northern District of Iowa. Any issues related to court congestion would be reduced with transfer to the Northern District of Iowa, which has a shorter time from case filing to disposition than the Northern District of Texas and a significantly shorter time than the District of Arizona. (The relevant federal statistics do not include the time from case filing to trial for the Northern District of Iowa; so the Court compared the disposition time frame as all

ORDER – PAGE 11

three districts included that statistic.) This factor weighs in favor of transfer to the Northern District of Iowa. As for local interest in deciding this matter, the Northern District of Texas has minimal, if any, interest in this controversy. *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."); *Remmers*, 2009 WL 3617597, at *9 ("[I]t is contrary to the public interest to encumber the citizens of a district with a case that has only a slight connection to, and little impact upon, the local community."). Instead, citizens of the Northern District of Iowa "have a far greater interest in determining whether and the extent to which Defendant should be held liable" as it is where Defendants are located. *Id.* The remaining factors, familiarity of the forum with the applicable law and avoidance of unnecessary problems of conflicts of law, are neutral.

Having considered the public and private factors, the Court in its discretion finds that "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to" the Northern District of Iowa. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

### IV. Conclusion

The Court finds that this case could have brought in the Northern District of Iowa and, for the convenience of the parties and witnesses, in the interest of justice,

the Court in its discretion **transfers** this case to the Northern District of Iowa pursuant to § 1404(a).

**SO ORDERED.**

Signed September 1st, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 13